## CLEO AKES v. STATE.

No. A-4924.   Opinion Filed July 18, 1925.
Rehearing Denied Sept. 26, 1925.
(239 Pac. 187.)

P. Mounts and W. H. Hussey, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. In the information in this case, filed in the district court of Tillman county, Cleo Akes was charged with the crime of murder, alleged to have been committed in said county on the 25th day of January, 1923, by killing one Harry Herman Lauback, by shooting him with an automatic pistol. On the trial, the jury found him guilty of manslaughter in the second degree, and fixed the punishment at imprisonment in the penitentiary for a term of two years. From the judgment rendered on the verdict, May 25, 1923, an appeal was taken by filing in this court on November 23, 1923, a petition in error with case-made.

The defendant is not represented by counsel in this court, and no brief in support of the assignments of error has been filed.

It appears that the defendant, age 23 years, and the deceased, age 20 years, resided in the same neighborhood, three or four miles east of Manitou; that on the date alleged, in the evening, about 7 o'clock they had a difficulty in the town of Manitou, and the defendant shot the deceased with an automatic pistol, four shots taking effect, the fatal shot entered the right side at the belt line, passing through the intestines and the lower part of the stomach, from the effects of which the deceased died the following day.

The theory of the state was that the defendant, armed with an automatic pistol, sought the deceased and provoked the difficulty. The evidence for the state showed that the defendant fired four or five shots in rapid succession and then the deceased fired one shot.

The testimony of the defendant, in his own behalf, is as follows:

"I went to Manitou about 2 o'clock that afternoon; about sundown, I saw the deceased coming into town on a

truck; about half an hour later I was standing in front of Stebben's store with several others and he passed by then with three or four other boys. I walked down to the show and we went in; the deceased was there, up towards the front. When the show was over I went outside and noticed the deceased standing on the street. I walked up to where he was and spoke to him; he turned around and I said to him,' Herman, what did you mean by telling that Harmon boy that you were going to shoot me if I cussed you out?' Mrs. Lauback came up about that time and said my mother and sister went over to Guthrie's and told some lies; I said that anybody that says that my mother and sisters are liars are darn liars. He said, 'Do you mean to call my mother a damn liar?' and he fired a shot; it hit my side. I pulled my gun and went to shooting at him."

He further testified that about a month before the deceased and a brother-in-law met him and told him that they wanted him to come to the house and talk to Martha; that they were armed; "I told them that I would go to the door, and when we got there she asked me what I was going to do about the child, and I told her I could not take it down to my mother's; that she was too poorly to take care of it. He said: 'Didn't you promise to marry her?' I told him, 'No'; and she said, 'No, Cleo, you never promised to marry me, never promised anything;' that is what she said. The deceased then asked me if I wanted him to take me home, and I said, 'No; I will just walk on down.' "

Several witnesses testified that the deceased fired the first shot. It is obvious that the case was one for the consideration of the jury, and we are unable after a careful examination to find any material error in the record. The instructions were more favorable to the defendant than the law required.

If the defendant provoked the combat or produced the occasion in order to have a pretext for killing the deceased, or doing him great bodily harm, the killing was murder, no matter to what extremity he may have been reduced in

the combat, but if he provoked the combat or produced the occasion without any felonious intent, the killing was not murder, but manslaughter in the first degree only.

Where the killing with a deadly weapon is admitted and there is no pretense that the killing was accidental, and where the defense is justifiable homicide in self-defense, there can be no issue of manslaughter in the second degree. However, it is a well-established doctrine in this state that a defendant, who has been convicted of manslaughter in the second degree, cannot complain that the evidence did not justify such a charge. Weatherholt v. State, 9 Okla. Cr. 161, 131 P. 185; Ballard v. State, 12 Okla. Cr. 277, 154 P. 1197.

We think the evidence is ample to have sustained a verdict against the defendant for a higher degree, and it seems to us that the jury was exceedingly lenient in fixing both the degree of the crime and the punishment. As shown by the record, the trial was in all respects fair, and, finding no prejudicial error, the judgment appealed from is affirmed.

BESSEY, P. J., concurs.

EDWARDS, J., disqualified.